HEALTH OCCUPATIONS − ACUPUNCTURISTS − VETERINARY MEDICINE − ADMINISTRATIVE LAW − RULEMAKING − PRACTICE OF ACUPUNCTURE ON ANIMALS

September 26, 1995

*The Honorable Lewis R. Riley*
*Secretary, Department of Agriculture*

You have requested our opinion about the legal authority to perform acupuncture on animals. Everyone agrees that veterinarians have authority to do so. Your question is whether veterinarians have *exclusive* authority, as the State Board of Veterinary Medical Examiners ("Vet Board") contends, or whether a non-veterinarian licensee of the State Acupuncture Board may also perform acupuncture on animals.

Our opinion is as follows: The Acupuncture Board has the authority to adopt a regulation that would identify animal acupuncture as within the scope of practice of its licensees. Acting in accordance with such a regulation, an acupuncturist licensed by the Acupuncture Board may perform acupuncture on an animal without a license from the Vet Board.

## I

## Acupuncture and Veterinary Medicine

Acupuncture, a key part of traditional Chinese medicine, is used to treat diseases and injuries of humans and animals. According to a report in a Food and Drug Administration publication, this "4,000-year-old Chinese method of treating animals" has become increasingly recognized as a valid therapy in veterinary practice. *"High-Tech" Comes to "Vet Med,"* FDA Consumer, April 1989, at 22. Acupuncture was brought by the Chinese to the United States in the 19th century but was not practiced outside the Chinese community until the early 1970s. *See* Chunang-Yu-Min, *Historical Development of Acupuncture* (1982).

Generally, acupuncture involves the diagnosis of physical ailments, the identification of designated points on the body that relate to the ailment in question, and the insertion and manipulation of fine needles for the purpose of controlling or correcting energy imbalances. *See* 59 *Opinions of the Attorney General* 3, 3-4 (1974). *See generally* Felix Mann, *Acupuncture, The Ancient Art of Healing and How It Works Scientifically* (1971).

The Acupuncture Board believes that it has regulatory jurisdiction over both individuals who practice acupuncture on humans and non-veterinarian acupuncturists who perform acupuncture on animals. The Vet Board believes that animal acupuncture falls within the scope of practice of veterinary medicine and may be performed only by a veterinarian.[1]

We agree with the Vet Board that the practice of animal acupuncture falls within the broad definition of "practice of veterinary medicine," a term that includes the "[d]iagnosis ..., or treatment of any nature, for the prevention, cure, or relief of a wound, fracture, bodily injury, or disease of [an] animal ..." Section 2-301(f) of the Agriculture Article, Maryland Code. *Cf.* 59 *Opinions of the Attorney General* at 4-5 (defining the practice of acupuncture as the practice of medicine).

However, this conclusion simply begins the analysis and does not resolve the question whether the Acupuncture Board has shared regulatory authority over animal acupuncture. Depending on the statutory scheme, the same activities could fall within the scope of practice of two separate health occupations. *See* 76 *Opinions of the Attorney General* 3 (1991) (a physical therapist might lawfully perform activities that fall within the scope of practice of chiropractic).

---

[1] Both the American Veterinary Medical Association and the Maryland Veterinary Medical Association recognize acupuncture as a valid means to treat animals. Both assert that animal acupuncture should be performed only be a veterinarian. Interview with Ray Thompson, Executive Director, Maryland Veterinary Medical Association (August 1995).

When the General Assembly defines (or authorizes a regulatory body to further define) the scope of practice of particular health occupations, it can create shared areas of practice. In these circumstances, we have construed the legislative purpose to be the fostering of consumer choice by granting to each licensee the right to engage in the full scope of permitted practice of that health occupation, even if some aspects of a licensee's practice overlap with the practice of another health occupation. 71 *Opinions of the Attorney General* 149, 151-52 (1986). *See also Commission on Medical Discipline v. Bendler*, 280 Md. 326, 330, 373 A.2d 1232 (1977) (when possible, statutes dealing with the same subject must be read together and harmonized).

Therefore, if, under the Maryland Acupuncture Act, the activity of performing acupuncture on an animal falls within the scope of practice of acupuncture, a licensee of the Acupuncture Board may practice animal acupuncture, notwithstanding the fact that the very same activity is also within the scope of practice of veterinary medicine.

## II

### Scope of Practice of Acupuncture

Chapter 620 of the Laws of Maryland 1994, codified as Title 1A of the Health Occupations (HO") Article, created the State Acupuncture Board in the Department of Health and Mental Hygiene. The Acupuncture Board has general power to examine, license, and discipline individuals who practice acupuncture. It also may adopt regulations to carry out the Acupuncture Act. HO §1A-205.

HO §1A-101(b) and (e) define the scope of practice of acupuncture:

> (b) "Acupuncture" means a form of health care, based on a theory of energetic physiology, that described the interrelationship of the *body* organs or functions with an associated point or combination of points.
>
> ...

(e)(1) "Practice acupuncture" means the use of *oriental medical therapies* for the purpose of normalizing energetic physiological functions including pain control, and for the promotion, maintenance, and restoration of health.

(2) "Practice acupuncture" includes:

(i) Stimulation of points of the *body* by the insertion of acupuncture needles;

(ii) The application of moxibustion;[2]

(iii) Manual, mechanical, thermal, or electrical therapies only when performed in accordance with the principles of *oriental acupuncture medical theories.*

(Emphasis supplied.)

Although the Maryland Acupuncture Act does not expressly state that animal acupuncture is included within the scope of practice, the Act's language and legislative history point unmistakably to that conclusion. *See generally Kaczorowski v. City of Baltimore*, 309 Md. 505, 513, and 515, 525 A.2d 628 (1987) (along with the language of a statute, a statute's relation to earlier legislation "bears on the fundamental issue of legislative purpose').

Initially, the General Assembly intended the practice of acupuncture to apply only to the human body. In Chapter 530 of the Laws of Maryland 1974, the practice of acupuncture was not expressly defined, but acupuncturists were required to work under

---

[2] "Moxibustion" means the use of burning herbs at needle insertion sites.

the supervision of a licensed physician, subject to the regulatory authority of the Board of Medical Examiners. Then Chapter 644 of the Laws of Maryland 1982 defined the scope of practice of acupuncture as limited to the human body. In pertinent part, "perform acupuncture" meant "to stimulate a certain point or points on or near the surface of the *human* body by the insertion of needles ...." Former HO §14-101(h) (emphasis supplied).

In Chapter 620 of the Laws of Maryland 1994, however, the General Assembly significantly expanded the statutory definition of acupuncture. The General Assembly recast the scope of practice of acupuncture by dropping the word "human" from the definition. Now only the word "body" remains as the description of the site where needles are inserted.[3] In HO §1A-101(e), acupuncture is defined in pertinent part as "stimulation of points of the *body* by the insertion of acupuncture needles ...." (Emphasis supplied.)

Absent some evidence of a contrary legislative purpose, we are to give this term its ordinary meaning. *See, e.g., In re Roger S.*, 338 Md. 385, 391, 658 A.2d 696 (1995). The word "body" is commonly defined as "[t]he entire material structure and substance of an organism, especially of a human being or *an animal*" or as "[t]he trunk or torso of a human being or *animal*." American Heritage Dictionary of the English Language 147 (1976) (emphasis supplied). *See also Attorney's Dictionary of Medicine and Word Finder* B-104 (1993).

In addition, the new reference to "oriental medical therapies" and "oriental acupuncture medical theories" in the reworked definition of acupuncture in HO §1A-101(e) provides further evidence that the General Assembly intended to include animals as

---

[3] Chapter 620 also created a separate regulatory board and thereby freed non-physician acupuncturists from the authority of the Board of Physician Quality Assurance (successor to the Board of Medical Examiners) and the requirement that acupuncturists work under the supervision of a physician. Senate Floor Report on House Bill 967 (1994). Effective September 11, 1995, regulations of the Board of Physician Quality Assurance apply only to physicians who perform acupuncture on the human body. *See* COMAR 10.32.15.

well as humans within the scope of practice. The terms "oriental medical therapies" and "oriental acupuncture medical theories" include both animal and human acupuncture. In addition to the FDA article cited in Part I above, we consulted Mr. Robert W. Duggan, L.Ac., President of the State Acupuncture Board, who has taught acupuncture for 23 years and who is familiar with its history. Mr. Duggan advised us that animal acupuncture has always been a part of oriental medical therapy and theories and that acupuncture was practiced on animals in this State at the time of enactment of the Maryland Acupuncture Act. *See Kaczorowski v. City of Baltimore*, 309 Md. at 515 (when determining legislative purpose, the background and history of legislation may be examined).

Lastly, the language of the veterinarian exemption to the Acupuncture Board's authority indicates a legislative purpose to include animal acupuncture within that board's regulatory powers. HO §1A-102(d) provides as follows: "This title does not limit a veterinarian licensed under the Agriculture Article who performs acupuncture on animals in connection with the practice of veterinary medicine." Obviously, if the scope of the Acupuncture Board's powers were limited to humans only and did not include animals, the veterinarian exemption set forth in HO §1A-102(d) would be meaningless. *See Pressman v. State Tax Commission*, 204 Md. 78, 90, 102 A.2d 821 (1954) (no part of a statute should be interpreted to be meaningless or surplusage).

In short, the Acupuncture Board would act well within the scope of its statutory authority should it explicitly define the scope of practice of acupuncture to include acupuncture on animals.

### III

### Regulation By The Acupuncture Board

Although the General Assembly has granted the Acupuncture Board the authority to determine that the scope of practice of acupuncture includes animal acupuncture, the Acupuncture Board's current interpretation to that effect is ineffective legally, because it

has not been adopted as a regulation under the Administrative Procedure Act ("APA"). *See, e.g.,* 76 *Opinions of the Attorney General* at 6 ("position statement" of Physical Therapy Board is not legally effective as a method of determining that certain activities fall within the scope of practice of physical therapy); 65 *Opinions of the Attorney General* 396, 404-06 (1980) (a regulation is not effective unless adopted pursuant to the APA).[4] The Acupuncture Board's position on the scope of practice meets the definition of a "regulation" under the APA; it is "a statement ... that ... has general application [and] future effect ... adopted by a unit to ... detail or carry out a law that the unit administers." §10-101(e) of the State Government Article, Maryland Code.

If the Acupuncture Board by regulation included animal acupuncture within the scope of practice of acupuncture, we believe that the Board's action would be upheld by a court as "reasonable and consistent with the letter and policy" of the Maryland Acupuncture Act. *Comptroller v. M.E. Rockhill, Inc.*, 205 Md. 226, 223, 107 A.2d 93 (1954) (to be valid, a regulation must be consistent with statutory authority).

**IV**

**Conclusion**

In summary, it is our opinion that the General Assembly has granted the Acupuncture Board the authority to specify that animal

---

[4] At present, there are no Acupuncture Board regulations concerning the scope of practice of acupuncture. The Board's only regulations deal with fee schedules. COMAR 10.26.02. Presumably the Acupuncture Board, in addition to giving more specific detail to the statutory description of the scope of practice of acupuncture, would set standards for the education of animal acupuncturists and determine disciplinary grounds. *See* HO §§1A-302 and 1A-309(6). Similarly, no Vet Board regulations indicate that the scope of practice of veterinary medicine includes acupuncture, nor has the Vet Board adopted education requirements or grounds for disciplinary action for veterinarians who perform acupuncture. *See* COMAR 15.14.01 through 15.14.13. Like the Acupuncture Board, the Vet Board is required to adhere to APA procedures for adopting regulations before applying general policies to the practice of animal acupuncture by veterinarians.

acupuncture falls within the scope of practice of acupuncture and to regulate non-veterinarian acupuncturists. However, under the APA, the Acupuncture Board must take these steps by means of a lawfully adopted regulation.


                                        J. Joseph Curran, Jr.
                                        *Attorney General*

                                        Craig A. Nielsen
                                        *Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions and Advice*

***Editor's Note:***

    Since the issuance of this opinion, the Acupuncture Board has issued regulations that include animal acupuncture in the definition of "practice acupuncture," COMAR 10.26.02.02B(8), and that establish certain requirements regarding its practice, COMAR 10.26.02.06.